## The Commonwealth v. Blair.

**Trustee of Jury Fund, Renewal of Bond — Sureties.**

. The trustee of the jury fund of Daviess county, without an order from court, filed a second bond, which was approved as the first one had been, and contained the name of only one of the original sureties. *Held*, that the second bond was not a cumulative one, but a renewal in entirety.

APPEAL FROM FRANKLIN CIRCUIT COURT.

June 7, 1866.

OPINION OF THE COURT BY JUDGE MARSHALL:

At the August term, 1861, of the Circuit Court for the county of Daviess, Geo. M. Taylor was appointed trustee of the jury fund in that county, and executed bond or covenant for the discharge of his duties as such, with four sureties.　The statute requires a renewal of the bond every second year, but the court having the general supervision of the fund and of the officer, and being expressly invested with the power of removing the officer might undoubtedly require or receive a new bond whenever one should be deemed necessary by the judge, or should be offered by the officer.

At the February term, 1862, of the Circuit Court for Daviess county, Taylor, the trustee, without any order therefor, executed and filed a new bond with seven sureties, which was approved as the first one had been by the attorney for the Commonwealth and the judge of the court, and was ordered to be copied and certified to the auditor.

Upon comparison of the two bonds it appears that but one of the sureties who had executed the first was a party to the second, and that J. H. Blain, the appellee in this case, did not execute the second bond. At the June term, 1863, of the Franklin Circuit Court a judgment was rendered in favor of the Commonwealth and against the parties to the first bond alone for a large sum of money, being the balance in Taylor's hands as trustee at a period long subsequent to the execution of the second bond, together with interest and damages thereon and the costs.

In January, 1865, the Legislature passed an act which authorized Blair to file a petition stating the facts and reasons for his being exempt from liability for said judgment, and authorizing an injunction, etc. The petition was accordingly filed, and the reports and settlements of Taylor were filed, and the court being of opinion that the second bond was not cumulative but a renewal, which discharged the obligors in the first bond from future liability, and that they were not liable for the balance found due from Taylor on the subsequent settlement on which the judgment was rendered, perpetuated the injunction.

Whether the second bond should be regarded as cumulative, or as a renewal and substitution for the first, is the only question which has been seriously argued.

As the second bond was voluntarily tendered by Taylor, signed by one, and one only, of the original sureties, we can conceive no other probable motive for its execution but that of exonerating such of the original sureties as did not wish to be further bound for Taylor, and as this must have been understood by the court the bond should be construed as having that effect.

Wherefore, the judgment is affirmed.